FILED & ENTERED

APR 13 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fisherl    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Tacarra Sheana Carthan<br><br><br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  1:19-bk-12727-MT<br>Adv No:   1:19-ap-01135-MT<br><br>**MEMORANDUM DECISION** |
| Carmen Barton, Anthony Carthan<br><br>Plaintiff(s),<br><br>v.<br><br>Tacarra Sheana Carthan<br><br><br>Defendant(s). | Trial Date:<br>Date:    March 30, 2021<br>Time:    10:00am<br>Courtroom:   302 (via ZoomGov) |

This matter arises from a heated child custody battle. On June 26, 2019, Anthony Carthan

and Carmen Barton ("Plaintiffs" or "Mr. Carthan" and "Ms. Barton") filed a small claims lawsuit

against Tacarra Sheana Carthan/Williams ("Defendant" or "Ms. Williams") in the Superior Court

of California, in Los Angeles ("Defamation Action"). The lawsuit was based on defamatory

statements that were published by Ms. Williams on her social media accounts alleging that the

-1-

Case 1:19-ap-01135-MT    Doc 54    Filed 04/13/21    Entered 04/13/21 14:31:04    Desc
Main Document    Page 2 of 12

Plaintiffs had been abusing the daughter of Mr. Carthan and Ms. Williams. The State Court found that the Plaintiffs had met their burden under California Civil Code §45 and entered a judgment in their favor. Plaintiffs' Exhibit 15. Ms. Williams appealed this decision, but the State Court affirmed the ruling and entered judgment against her for $8,295.00. Plaintiffs' Exhibit 26.

Shortly after the State Court initially rendered judgment in the Defamation Action, Ms. Williams commenced a lawsuit against the Plaintiffs alleging emotional distress. Plaintiffs' Exhibits 16. At the heart this lawsuit were the allegations of the Plaintiffs committing child abuse that the State Court previously addressed in the Defamation Action. In response to Ms. Williams commencing this new lawsuit, the Plaintiffs filled counterclaims for malicious prosecution. Plaintiffs' Exhibit 24.  The Court will refer to Ms. Williams lawsuit and the Plaintiffs' counter claims as the "Malicious Prosecution Action." The State Court conducted a trial over the span of two days and on October 30, 2019, the State Court awarded the Plaintiffs a combined judgement of $3,015.11 for their malicious prosecution claims and denied any award to Ms. Williams for her claims of emotional distress. Plaintiffs' Exhibit 29.

On October 30, 2019, Anthony initiated a proceeding requesting attorney's fees related to representation requested during a child custody proceeding. A hearing was scheduled to be heard on November 27, 2019.  It is not clear whether this hearing was held or was scheduled to be heard.

On October 29, 2019, the Defendant filed a chapter 7 bankruptcy petition. On November 14, 2019, the Plaintiffs filed this adversary proceeding seeking to have the debt be deemed non-dischargeable  under §523(a)(6) for the two state court judgments awarded in the Plaintiffs' favor, having attorney's fees requested in the family court be deemed non-dischargeable under §523(a)(5) and objecting to the Defendant' discharge under §727(a)(3).

On November 18, 2020, the Court granted summary judgment on the §523(a)(6) claim

for non-dischargability of the Defamation Action as to Ms. Barton – the Court denied summary judgment as to as to the §523(a)(6) claim for non-dischargability of the Defamation Action as to Mr. Carthan and denied summary judgment as to the §523(a)(6) claim for non-dischargability of the Malicious Prosecution Action.

The Court conducted a trial on March 30, 2021. At trial, the Plaintiffs did not pursue their §727 claim, Anthony's §523(a)(6) defamation claim, and having the attorney's fees requested in the family court be deemed non-dischargeable under §523(a)(5) against Ms. Williams. The only remaining issue that was tried was the Plaintiffs' §523(a)(6) claim for non-dischargability as to the Malicious Prosecution Action. Mr. Carthan and Ms. Barton represented themselves and both testified at trial. Ms. Williams was represented by Daniel King and she testified as well. The Court took the matter under advisement. Having considered the evidence submitted and the parties' testimony, the Court makes the following findings of fact and conclusions of law.

*Malicious Prosecution:*

On October 21, 2019, the State Court commenced trial on the Malicious Prosecution Action. The trial was ultimately continued to October 30, 2019. Plaintiffs' Exhibit 25. On October 30, 2019, the State Court denied any award for Ms. Williams in her claims for emotional distress and entered a judgment in favor of the Plaintiffs' counterclaims for malicious prosecution in the sum of $1,174.46 as to Ms. Barton and $1,840.65 as to Mr. Carthan. Plaintiffs' Exhibit 29. Ms. Williams had filed bankruptcy on October 29, 2019. The Plaintiffs testified that they were unaware of Ms. Williams filing for bankruptcy until after the trial in the Malicious Prosecution Action. The Court finds that Ms. Barton and Mr. Carthan were both completely credible witness not only as to this point but as to the entirety of their testimony. Ms. Barton testified that after the first day of trial, the State Court judge made clear that Ms. Williams' emotional distress claims were unfounded. Upon the filing of Ms. Williams' bankruptcy an

automatic stay arose under §362 which would have stayed the Malicious Prosecution Action had anyone known about the bankruptcy petition. The Plaintiffs did not seek relief from the automatic stay to proceed with the Malicious Prosecution Action prior to judgment being rendered.

"[J]udicial proceedings in violation of the automatic stay are void." In re Gruntz at 1074 (quoting Phoenix Bond & Indemnity Co. v. Shamblin (In re Shamblin), 890 F.2d 123, 125 (9th Cir. 1989)). An action that violates the stay is still void despite a party's lack of knowledge of the pending bankruptcy. See e.g., 40235 Washington Street Corporation v. Lusardi (In re Lusardi), 329 F.3d 1076 (9th Cir. 2003) (the Ninth Circuit deemed a county tax sale on real property void even though neither the county nor the purchaser had knowledge of the bankruptcy case).

The judgment on the Malicious Prosecution Action is void even though neither the Plaintffs nor the Superior Court were made aware of the bankruptcy filing.  Because the judgment is void, this Court must first address whether the Plaintiffs have satisfied their burden in showing they are entitled to damages for a malicious prosecution action before the Court determines non-dischargability.

Malicious Prosecution is a disfavored action. Daniels v. Robbins, 182 Cal. App. 4th, 204, 2016 (Ct App. 2010). This is due to the principles that favor open access to the courts for the redress of grievances. Downey Venture v. LMI Ins. Co., 66 Cal.App.4th 478, 493 (Ct. App. 1998) "[T]he elements of the [malicious prosecution] tort have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution claim." Sheldon Appel Co. v. Albert & Oliker 47 Cal.3d 863, 872 (1989). Three elements must be pleaded and proved to establish the tort of malicious prosecution: (1) A lawsuit was " ' "commenced by or at the direction of the defendant [which] was pursued to a legal termination in … [the malicious

prosecution]plaintiff's … favor" … (2) the prior lawsuit … "was brought without probable cause"; and (3) the prior lawsuit "was initiated with malice. " Citi-Wide Preferred Couriers, Inc. v. Golden Eagle Ins. Corp. 114 Cal.App.4th 906, 911 (Ct. App. 2003).

The first element of a malicious prosecution cause of action is that the underlying case must have been terminated in favor of the malicious prosecution plaintiff. "The basis of the favorable termination element is that the resolution of the underlying case must have tended to indicate the malicious prosecution plaintiff's innocence.  When prior proceedings are terminated by means other than a trial, the termination must reflect on the merits of the case and the malicious prosecution plaintiff's innocence of the misconduct alleged in the underlying lawsuit." HMS Capital, Inc. v. Lawyers Title Co., 118 Cal. App. 4th 204, 214 (Ct App. 2004). If the evidence of the circumstances of the termination is conflicted, "'the determination of the reasons underlying the dismissal is a question of fact.'" Sycamore Ridge Apartments LLC v. Naumann 157 Cal.App.4th 1385, 1399 (Ct. App. 2007).

As to the first element, Ms. Williams commenced a small claims lawsuit against the Plaintiffs for emotional distress and the Plaintiffs filed a counter claim for malicious prosecution. The lawsuit reached its termination when the State Court did not award Ms. Williams any damages and found for the Plaintiffs. Plaintiffs' Exhibit 29. Under different circumstances, this would have satisfied the first element of a malicious prosecution action; however, Ms. Williams' bankruptcy makes this finding void.

The judgment is void not because of anything that goes to the merits of the Malicious Prosecution Action, rather, it is void in large part because Ms. Williams failed to disclose to the State Court that she had filed for bankruptcy the day before a judgment had been rendered. Ms. Williams knew that the bankruptcy filing prevented collection efforts because, according to Ms. Barton's testimony, Ms. Williams informed the Plaintiffs immediately after the Malicious

Prosecution Action had ended and did not go her way that she had filed bankruptcy, and gleefully told the Plaintiffs that were never going to be able to collect. Had the State Court known of this filing, the trial would likely not have occurred, and the judgment would not be void. Ms. Williams did not pursue this emotional distress claim any further and both parties proceeded under the assumption that this judgement was a final and valid judgment until this Court's summary judgment ruling made clear that the judgment was void. The circumstance of this small claims lawsuit's termination shows that the matter was tried on its merits in favor of the Plaintiffs and the judgment was void solely due a violation to the automatic stay. The Court finds that the Plaintiffs satisfied the first element based on the evidence shown at both the Superior Court trial and all that was repeated in this trial. Defendant had an opportunity in both tribunals to adequately explain why she brought the emotional distress claims and failed to do so.

As to the second element, "without probable cause" the Ms. Williams' action for emotional distress predominately stemmed from the allegations of child abuse that had been ruled without basis. See Plaintiffs' Ex. 16. At trial, Ms. Williams testified that she believed probable cause had existed because of comments made by her daughter implying the Plaintiffs had been abusing the daughter. The Court does not find Ms. Williams credible as to this part of her testimony and her position is not supported by the evidence, and she was not convincing that she actually believed what she alleged. The evidence shows that at the time Ms. Williams filed the emotional distress complaint, the allegations of child abuse had already been rejected. The State Court already entered a judgment on the Defamation Action against Ms. Williams for publishing false statements about child abuse. As truth is an absolute defense in a defamation action, had the State Court found any truth to these allegations of child abuse the State Court would not have awarded the Plaintiffs a judgment for defamation. Plaintiffs' Exhibit 15. Further, the Department of Child and Family Services ("DCFS") had conducted its investigation into the

matter and found no signs of abuse. The Long Beach Police Depart concluded its investigation

and found no grounds to pursue it further. See Plaintiffs' Exhibits 12 & 22. Other than

fabricating allegations of child abuse for custody purposes, Ms. Williams did not appear to have

a basis for probable cause to bring this cause of action against the Plaintiffs. The Plaintiffs

satisfied the second element of a lack of probable cause.

The malice element of the malicious prosecution tort goes to the defendant's subjective

intent in initiating the prior action. George F. Hillenbrand, Inc. v. Insurance Co. of North

American, 104 Cal. App. 4th 784, 814 (Ct. App. 2002). It is not limited to actual hostility or ill

will toward the plaintiff. Rather, malice is present when proceedings are instituted primarily for

an improper purpose. Suits with the hallmark of an improper purpose are those in which:  ". . .

(1) the person initiating them does not believe that his claim may be held valid; (2) the

proceedings are begun primarily because of hostility or ill will; (3) the proceedings are initiated

solely for the purpose of depriving the person against whom they are initiated of a beneficial use

of his property; (4) the proceedings are initiated for the purpose of forcing a settlement which has

no relation to the merits of the claim." Sierra Club Foundation v. Graham, 72 Cal. App. 1135,

1156-57 (Ct. App. 1999).

As alluded to previously, Ms. Williams commenced  this emotional distress claim after

the State Court rendered its ruling on the Defamation Action, after the DCFS conducted and

closed its investigation finding no evidence of child abuse, and after the Long Beach Police

Department concluded its investigation. While Ms. Williams testimony revealed a sincere

concern for her daughter's wellbeing, the evidence shows that Ms. Williams could not have

believed she had a valid claim against the Plaintiffs. When considering the timing and the overall

behavior of the parties during this time frame, Ms. Williams' motivation for commencing this

lawsuit becomes clear. From the record and the testimony provided by the parties, Ms. Williams

has developed a pattern of engaging in retaliatory behavior against the Plaintiffs anytime she believes she has been wronged. For example, after the Plaintiffs complained that Ms. Williams failed to deliver her daughter pursuant to a court ordered visitation schedule, she filed complaints of child abuse with state agencies. After these agencies exonerated the Plaintiffs of any wrongdoing, Ms. Williams took to social media to spread these false allegations. When it became clear that Ms. Williams was going to lose the Malicious Prosecution Action she filed bankruptcy the day before a judgment was rendered to prevent the Plaintiffs from collecting. When the Plaintiffs began pursuing this adversary proceeding, Ms. Williams again took to social media, raising the same debunked allegations. This type of behavior continued to this day, when the Plaintiffs commenced another State Court action alleging similar causes of action as raised in the Defamation Action due to Ms. Williams' alleged continued defamatory remarks against the Plaintiffs, Ms. Williams filed counterclaims against the Plaintiffs raising the same allegations of child abuse which have been proven to be false. Plaintiffs' Exhibit 31.  This use of the courts and social media to manipulate a family court proceeding is malicious and improper and do great damage to all invloved.

The Malicious Prosecution Action was commenced almost immediately after the State Court entered judgment against Ms. Williams on August 13, 2019.  At the heart of that case were the same underlying issues that the State Court had previously found to be false just a few days prior. Even though Ms. Williams may believe these allegations were true, from the evidence and testimony this Court has received no reasonable person would believe they had a viable claim against the Plaintiffs. The sole purpose of the Malicious Prosecution Action was to continue perpetuating the false allegations and to seek retribution against the Plaintiffs. The Plaintiffs have satisfied their burden for prevailing on a malicious prosecution claim.

*Damages:*

Damages potentially recoverable in a malicious prosecution action are substantial. They include out-of-pocket expenditures, such as attorney's and other legal fees . . .; business losses . . .; general harm to reputation, social standing and credit . . .; mental and bodily harm . . .; and exemplary damages where malice is shown . . . ."  Babb v. Superior Court, 3 Cal.3d 841, 848, fn. 4 [1971].

Here, the Plaintiffs have submitted an itemized sheet outlining the damages they suffered during this time period on the several cases pending in the State Court. Plaintiffs' Exhibit 30. The Court will only consider those damages that were incurred in defending and prosecuting the Malicious Prosecution Action. Having preformed an independent review of the Plaintiffs' exhibit 30, this Court believes that the original award of $3,015.11 that the State Court awarded reflects a true and accurate amount in damages that the Plaintiffs suffered from their malicious prosecution claims. These fees and costs reflect travel expenses, filing and other court fees, other costs that were necessary for trial, legal fees, and lost wages – all of which are recoverable in a malicious prosecution action. The Court awards the Plaintiffs $3,015.11 against Ms. Williams.

*§ 523(a) (6):*

A debt is non-dischargeable under §523(a)(6) if it results from debtor's willful and malicious injury to another or to the property of another. There are three elements required for a §523(a)(6) action:(1) willfulness; (2) maliciousness and (3) injury. Smith v. Entepreneur Media, Inc. (In re Smith) 2009 Bankr. LEXIS 4582, *20 (9th Cir. BAP 2009). The Supreme Court in Kawaauhau v. Geiger (In re Geiger), 523 U.S. 57, 118 S.Ct. 974, 140 L. Ed. 2d 90 (1998), clarified that for §523(a) (6) to apply, "the actor must intend the consequences of the act, not simply the act itself." Ormsby v. First American Title Co. of Nevada (In re Ormsby), 591 F. 3d 1199, 1206 (9th Cir. 2010). Both willfulness and maliciousness must be proven to prevent discharge of the debt. Id. But, reckless or negligent acts are not sufficient to establish that a

resulting injury falls within the category of willful and malicious injuries under §523(a)(6).

Kawaauhau v. Geiger, 523 U.S. at 64.

Willfulness means intent to cause injury. Kawaauhau v. Geiger, 523 U.S. at 61. "The injury must be deliberate or intentional, 'not merely a deliberate or intentional act that leads to injury.'" In re Plyam, 530 B.R. 456, 463 (9th Cir. BAP 2015) (quoting Kawaauhau v. Geiger, 523 U.S. at 61) The court may consider circumstantial evidence that may establish what the debtor actually knew when conducting the injury creating action and not just what the debtor admitted to knowing. In re Ormsby, 591 F. 3d at 1206. Recklessly inflicted injuries, covering injuries from all degrees of recklessness, do not meet the willfulness requirement of § 523(a)(6). In re Plyam, 530 B.R. at 464. Reckless conduct requires an intent to act instead of an intent to cause injury. Id. Therefore, the willful injury requirement "... is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." Carillo v. Su (In re Su), 290 F.3d 1140, 1142 (9th Cir. 2002).

The "malicious" injury requirement under 11 U.S.C. §523(a)(6) is separate from the "willful" requirement, and both must be present for a claim under § 523(a) (6). Carillo v. Su (In re Su), 290 F.3d 1146 (9th Cir. 2002). A malicious injury is one that involves; "(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1209 (9th Cir. 2001). "Malice may be inferred based on the nature of the wrongful act," but to make such an inference, willfulness must be established first. Ormsby v. First Am. Title Co. (In re Ormsby), 591 F.3d 1199, 1207 (9th Cir. 2010). When analyzing the plain meaning of "malice," "it is the wrongful act that must be committed intentionally rather than the injury itself." Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1106 (9th Cir. 2005).

To satisfy the willful requirement, the Defendant must have intended to cause injury. As

the Court determined previously, there was no valid basis for filing the emotional distress cause of action against the Plaintiffs. Further, the timing of when this lawsuit was commenced, and Ms. Williams pattern of behavior strongly suggests that she sought to damage the ex-husband and his new wife's reputations by perpetuating the rejected child abuse claims or sought retribution for other causes of action asserted in family Court by Plaintiff Anthony Carthan. Either of which satisfies the willfulness requirement. Allegations of child abuse are serious and should not be made to advance litigation purposes. Since there is no valid basis for asserting this emotional distress claim, the Court can only find that the purpose of this lawsuit was to inflict damage on the Plaintiffs. Accordingly, the willful requirement has been satisfied.

As to the malice requirement, malice requires: (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. Commencing a baseless lawsuit and wasting judicial resources for the purpose of inflicting injury or revenge on a party can only be defined as a wrongful act. Further, the filing of this emotional distress case was filed intentionally for the wrongful purposes. Ms. Williams filed this cause of action against the Plaintiffs with no credible evidence or testimony supporting her claim. Her main goal was to seek retribution against the Plaintiffs, and she knew what she was doing. Additionally, the filing of this emotional distress case injured the Plaintiffs by having to defend against this claim and prosecute a malicious prosecution counterclaim. Finally, there was no cause or excuse, other than revenge, for commencing this matter. The Court finds that the malice requirement has been satisfied. Accordingly, the claim Plaintiffs claim of $3,015.11 for malicious prosecution is non-dischargeable under Section 523(a)(6).

Conclusion:

Perhaps the credible part of Ms. Williams testimony was her concluding remarks apologizing to the Plaintiffs and offering an olive branch of peace to work through their

-11-

problems. While this does not absolve her of her past actions, the Court is pleased to hear that there might be a path forward for healing between the parties. Divorce and break ups can be extremely difficult, but the impacts of a bitter separation on a young child can be devasting. The court sincerely hopes the parties should consider working through their issues and disputes if not for their own peace of mind than for their daughter. Plaintiffs decided not to pursue the §727 cause of action in an effort to help Defendant get back on her feet and in the interests of the child. They testified that the §523(a)(6) cause of was necessary to stop repeated lawsuits from Defendant.

For the reasons previously articulated, the Court finds that the Plaintiffs have satisfied their burden for seeking damages for malicious prosecution, that damages in the amount of $3,015.11 are awarded, and that this debt is non-dischargeable under §523(a)(6). The §727 causes of action is dismissed with prejudice. Plaintiff Anthony Carthan's claims under §523(a)(5) is denied without prejudice to renew in Superior Court as the family law matters were not resolved at the time of this trial. No evidence was presented on the amount or finality of any domestic support obligation award, so that would be resolved at a later date.

A judgment will accompany this memorandum decision that incorporates the earlier summary judgment for non-dischargability of the defamation action.

###

Date: April 13, 2021

Maureen A. Tighe
United States Bankruptcy Judge